PHILLIP A. TALBERT
United States Attorney
Megan A. S. Richards
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SILVER GALINDO,<br><br>                Petitioner,<br><br>vs.<br><br>JOSIAS SALAZAR,<br><br>              Respondent. | 2:17-CV-00302-EFB (HC)<br><br>REQUEST FOR REDACTION AND [~~PROPOSED~~] ORDER |

## **REQUEST FOR REDACTION**

The United States of America, by and through its attorney of record in this case, Assistant United States Attorney, Megan A. S. Richards, requests that the Court replace the exhibit at 2:17-cv-00302-EFB, Doc. 11, Exhibit 1, with the redacted exhibit attached to this Motion.  The undersigned inadvertently filed the document without redacting personal identifying information as required by Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1.  The document attached to this Request for Redaction is the same as the previously filed document, but has been redacted to comply with privacy rules. Accordingly, the United States asks that the Court order the attached document be substituted for the document currently filed as 2:17-CV-00302-EFB, Doc. 11, and Exhibit 1.

Dated:  June 20, 2017

PHILLIP A. TALBERT
United States Attorney


By:  /s/ Megan A. S. Richards
      Megan A. S. Richards
      Assistant United States Attorney

# [~~PROPOSED~~] ORDER

IT IS SO ORDERED this 26th day of June, 2017.

_____
THE HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

# **DECLARATION OF DAWN L. GIDDINGS**

I, DAWN L. GIDDINGS, hereby declare:

1.    I am currently employed by the Federal Bureau of Prisons (BOP) as a Correctional Programs Specialist at the Designation and Sentence Computation Center (DSCC). If called upon, I could and would competently testify as set forth below.

2.    I have worked for the BOP since January 1996. I have worked in the area of inmate sentence computations since October 2001. I have been employed as a Correctional Programs Specialist at the DSCC since October 2013.

3.    I am making this declaration in the case of Silver Jose Galindo v. J. Salazar, Case No. 2:17-cv-00302-EFB, wherein BOP inmate Silver Jose Galindo, Petitioner ("Petitioner"), Register Number 95184-022, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence computation.

4.    Attached as Exhibit (Ex.) A is a true and correct copy of Petitioner's history of incarceration and parole from the Hawaii Paroling Authority, containing entries up to January 29, 2005. Petitioner was first convicted and incarcerated by the state of Hawaii on September 16, 1993. See Ex. A at 1 ("09/16/93 Admitted under Cr. NO. 87-0677, Admitted under Cr. NO 87-0684"). Petitioner has had extensive contact with the Hawaiian criminal justice system in several independent cases since 1993. Id. at 1-2.

5.    On January 11, 1995, Petitioner was admitted to Hawaii custody pursuant to charges in Case No. 94-1299. Id. at 1 ("01/11/95 Admitted under Cr. No. 94-1299, cts. 1, 3, 5, 6.").

6.    While serving a term of incarceration for Case No. 94-1299, Petitioner escaped from Oahu Community Correctional Center. Id. ("OCCC informs that inmate escaped from OCCC custody for 37 days"). Petitioner was apprehended on

1 February 13, 1998 and admitted pursuant to new escape charges. Id. ("02/13/98
2 Admitted under Cr. No. 98-0007").

3     7.    Petitioner was released on parole on June 17, 2003. Id. at 2 ("06/17/03
4 RELEASED ON PAROLE").

5     8.    Attached as Ex. B is Petitioner's Judgement in a Criminal Case in
6 federal Case No. 1:04-cr-00053 DAE. Following his release from Hawaii custody
7 on parole, Petitioner committed various felonies related to firearm possession and
8 drug distribution, from approximately July 2003 to March 2004. See Ex. B. at 2.

9     9.    Attached as Ex. C is Petitioner's Judgement of Conviction and
10 Sentence in Hawaii Case No. 03-1-2097. At some point during the commission of
11 his federal offenses from July 2003 to March 2004, Petitioner also gained
12 unauthorized entry in a motor vehicle in violation of state law. See Ex. C.

13     10.    On September 12, 2003, a warrant was issued by the Hawaii Paroling
14 Authority for Petitioner's arrest for new criminal conduct. See Ex. A ("09/12/03
15 HPA WARRANT 03-020-495 ISSUED THIS DATE"). This warrant related to
16 Petitioner's conduct described in paragraphs (8) and (9) above.

17     11.    Because Petitioner's new criminal conduct violated the terms of his
18 parole, Petitioner's "Parole [was] suspended effective 9/23/03." Id. Petitioner's
19 parole term was then extended to its maximum date of January 29, 2006. Id. ("Due
20 to suspension, maximum date of imprisonment has been extended. New maximum
21 date expires on 1/29/06 for Cr. # 94-1299 & 7/10/04 for Cr. #94-0007").

22     12.    Hawaii authorities arrested petitioner on March 11, 2004, pursuant to
23 HPA warrant 03-020-495. Id. ("03/11/04 Returned to custody on HPA warrant
24 #03-020-495").

25     13.    Attached as Ex. D is a true and correct copy of Petitioner's United
26 States Marshals Service (U.S. Marshals) Individual Custody and Detention Report
27 (USM 129). In order to facilitate Petitioner's presence for trial and sentencing in
28 federal court, the U.S. District Court for the District of Hawaii issued a writ of

1  Habeas Corpus Ad Prosequendum on March 19, 2004, pursuant to a motion from
2  the U.S. Attorney's Office. See Ex. D at 1 ("III. Status History - Status: WHCAP;
3  Status Date: 04/05/2004; Custody Date: 04/05/2004; Release Date: **/**/****;
4  Remark: Writ from AUSA").

5  14.    On April 5, 2004, based on the order, the U.S. Marshals took the
6  Petitioner into custody and placed him in the Federal Detention Center, Honolulu,
7  HI (FDC Honolulu). Id. at 2, IV. Chronological Prisoner History, first entry.
8  Although Petitioner was in temporary federal custody while pending federal
9  sentencing, he remained under the primary jurisdiction of Hawaii. Accordingly,
10  Petitioner continued to earn credit toward his maximum parole date of January 29,
11  2006.

12  15.    On October 14, 2008, Judge David E. Ezra of the U.S. District Court
13  for the District of Hawaii signed an order sentencing Petitioner to a 39 year and 2
14  month term of incarceration. Petitioner's total term reflected consecutively
15  imposed sentences of 110 months, 5 years, and 25 years. See Ex. B at 3.

16  16.    When all of Petitioner's court appearances for his federal case had
17  concluded, but just prior to sentencing, Petitioner's Writ of Habeas Corpus Ad
18  Prosequendum was dissolved and Petitioner was returned from FDC Honolulu to
19  the Oahu Community Corrections Center, on October 10, 2008. See Ex. D at 2,
20  III. Status History, first entry on page 2 ("Status: Rl-WHCAP; Status Date:
21  10/10/2008 . . . Remark: OCCC"). Hawaii still retained primary jurisdiction of
22  Petitioner at this time.

23  17.    On January 12, 2009, Petitioner was sentenced in Case No. 03-1-
24  2097, his pending Hawaii state criminal matter, to 30 days incarceration with credit
25  for time served. See Ex. C. With Petitioner having satisfied all of his terms of
26  incarceration with Hawaii on January 12, 2009, Petitioner transferred from being
27  under the jurisdiction of Hawaii to the exclusive jurisdiction of the United States
28  on January 13, 2009.

18.     Petitioner satisfied his state terms of parole on January 29, 2006, prior to his new state sentence in Case No. 03-1-2097 . See Ex. A at 2 ("New Max Date 01/29/06"). Petitioner was sentenced to a 30-day term in Case No. 03-1-2097 on January 12, 2009: a term running from December 12, 2009, to January 12, 2009. Although Petitioner transferred to exclusive federal jurisdiction on January 13, 2009, he was not readmitted to a federal facility until January 14, 2009. See Ex. D at 2, III. Status History, second entry on page 2 ("Status: READMIT; Status Date: 01/14/2009").

19.     Prior custody credit in the federal system is determined by 18 U.S.C. § 3585(b): "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, that has not been credited against another sentence."

20.     Therefore, the BOP gave Petitioner prior federal custody credit for all time from January 30, 2006, through December 13, 2008, and January 13, 2009, for time in custody that was not credited toward his parole violation sentences or his 30-day sentence with Hawaii.

21.     Attached as Ex. E is an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) in Petitioner's federal case. Petitioner's total 39 year and 2 month term of incarceration reflected consecutively imposed sentences of 110 months, 5 years, and 25 years. See Ex. B at 3. On November 1, 2015, the court reduced Petitioner's 110 month term to a 92 month term. See Ex. E. This reduction was due to a retroactive application of new sentencing guidelines and not any sentencing error on the part of the court, BOP, or state of Hawaii.

22.     Petitioner's current sentence calculation results from the interaction of

//
//
//

- 4 -

three Hawaii sentences, one federal sentence, and the subsequent reduction of the federal sentence due to sentencing guideline changes. Petitioner's current release date is December 22, 2038.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed June 13$^{\underline{th}}$, 2017, at Grand Prairie, Texas.

Dawn L. Giddings
Correctional Programs Specialist

NAME : GALINDO, SILVER                                                          A0195205

## Previous Board Actions

09/16/93  Admitted under Cr. NO. 87-0677.
          Admitted under Cr. NO. 87-0684.
01/10/94  Board minimum: Cr.#87-0677 - 2 yrs. Cr.#87-0684 - 2 yrs. (lp)
02/07/94  Received Motion for Nolle Prosequi under Cr. No. 93-1937.
03/08/94  Parole tentatively approved effective 4/7/94. Award of
          $100 made under Act 201. Parole term shall be the
          maximum allowed by law. Conditions: 1. drug testing;
          2. shall inform PO of prescribed drugs and allow physi-
          cian to provide PO with information re drugs and/or
          treatment; 3. substance abuse treatment as directed;
          4. waive confidentiality re treatment; 5. no drinking;
          6. secure job within 30 days of release; 7. vocational
          training as directed; 8. home detention as directed;
          10. shall not act as undercover agent or informant for
          any law enforcement agency without prior notice to and
          special written permission of the Board; 11. shall
          promptly and truthfully answer all inquiries of PO and
          allow PO to visit home, employment site or elsewhere and
          carry out all instructions PO gives. (kr)
04/07/94  RELEASED ON PAROLE.
06/07/94  RETURNED TO CUSTODY ON HPA WARRANT. (jm)
07/13/94  Found guilty of violation of Rule #1d, possessing a drug
          on 4/27/94;  Rule #3, failing to report to and maintain
          contact with PO on 5/31/94 as instructed. Finding of
          guilt is based on plea of guilty to the violations as
          charged. Parole revoked for balance of maximum term.
          Parole hearing scheduled for January 1995. (kr)
01/17/95  Parole denied. New conviction. Hearing for parole con-
          sideration to be scheduled at expiration of new minimum
          sentence. (lp)
01/11/95  Admitted under Cr.No.94-1299,cts.1,3,5,6.
04/06/95  Minimum term fixed under Cr. #94-1299, Cts. 1 & 3:
          4 Yrs. each count; and Cts. 5 & 6:  2 Yrs. each count. (jm)
01/29/97  (NHRG) Request for reduction of minimum denied.
          Minimum remains appropriate. (jm)
01/12/98  OCCC informs that inmate escaped from OCCC custody for 37
          days. (jm)
02/13/98  Admitted under Cr. No. 98-0007.
05/04/98  Board minimum under Cr. No. 98-0007 set at 1 year 6 months.
          HPA recommends participation in RAD recommended
          programs. Parole is denied.(ft)
05/21/99  Parole tentatively approved effective
          6/24/99 to Victory Ohana. No award is made
          under Act 201. Parole term shall be the
          maximum allowed by law. See file for special conditions. (jm)
06/24/99  RELEASED ON PAROLE. ASSIGNED TO ANDREW
          MORGAN.(ft)
11/30/99  (NHRG) Parole suspended effective 9/8/99.(ft)
10/12/00  RETURNED TO CUSTODY ON HPA WARRANT. Term
          extended for 1 yr. 1 mo. & 4 days. (ksb)
11/15/00  Found guilty based on pleas of guilt.
          1. Violation of Rule #8, SP #12, failed to remain in
          the Victory Ohana program for six months; 2.
          Violation of Rule #5, failed to notify parole officer

## Previous Board Actions

of change of address from Victory Ohana to an unknown address. Hearing for parole consideration will be scheduled for 05/03. However, HPA is willing to schedule an earlier hearing upon completion of recommended programs. HPA recommends participation in the substance abuse treatment (Clean & Sober Quad), cognitive skills (Parts I and II) and correctional industries workline. Due to suspension, maximum date of imprisonment has been extended. New maximum date expires on 08/17/2005. (tll)

05/14/02 Parole hearing scheduled in error. See in May 2003. (jm)

05/22/03 Parole tentatively approved effective 6/17/03. No award is made under Act 201. Parole term shall be the maximum allowed by law. See file for special conditions. (jm)

06/17/03 RELEASED ON PAROLE. ASSIGNED TO ISP. (ksb)

09/12/03 HPA WARRANT03-020-495 ISSUED THIS DATE.(nt)

10/29/03 (NHRG) Parole suspended effective 9/28/03. (jm)

03/11/04 Returned to custody on HPA warrant #03-020-495. Term Extended 5 Months; 12 Days. New Max Date 01/29/06.nt

04/21/04 Reschedule parole hearing to January 2005. Inmate transferred to FDC. (jm)

01/28/05 Revocation of hearing held. Parole is revoked for the balance of maximum sentence. No further hearing for parole scheduled.
Due to suspension, maximum date of imprisonment has been extended. New maximum date expires on 1/29/06 for Cr. # 94-1299 & 7/10/04 for Cr. # 94-0007. Found guilty of violation of Rule # 1d, possession and control of methamphetamine on 8/2/03 and 8/26/03. Found not guilty to Rule # 3, failed to report on 9/8/03. (lam)

# EXHIBIT B

AO 245B   (Rev 6/05) Judgment in a Criminal Case ORIGINAL
Sheet 1

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 1 4 2008

at __8__ o'clock and __05__ min __ .M.
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**SILVER JOSE GALINDO, aka DANIEL S.
GALINDO, aka TIMOTHY MAU**

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   <u>1:04CR00053-001</u>
USM Number:   **95184-022**
JACK F. SCHWEIGERT, ESQ.
Defendant's Attorney

## THE DEFENDANT:

[ ]   pleaded guilty to count(s): ___.
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[✓]   was found guilty on count(s) <u>1, 2, 3, 4, 8, 9, 10, and 11 of the Third Superseding Indictment</u> after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See next page | | | |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

OCTOBER 6, 2008
Date of Imposition of Judgment

Signature of Judicial Officer

**DAVID ALAN EZRA**, United States District Judge
Name & Title of Judicial Officer

OCT 1 4 2008
Date

AO 245B (Rev. 6/05) Judgment in a Criminal Case
Sheet 1A

| | | | |
|---|---|---|---|
| CASE NUMBER: | 1:04CR00053-001 | | Judgment - Page 2 of 7 |
| DEFENDANT: | SILVER JOSE GALINDO, aka DANIEL S. GALINDO, aka TIMOTHY MAU | | |
| | ADDITIONAL COUNTS OF CONVICTION | | |

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.§§922(g)(1) and 924(a)(2) | Felon in possession of a firearm and/or ammunition | 3/11/2004 | 1 |
| 21 U.S.C.§§841(a)(1) and 841(b)(1)(B) | Possession with intent to distribute 5 grams or more of methamphetamine | 3/11/2004 | 2 |
| 18 U.S.C.§924(c)(1) | Possession of a firearm during and in relation to a drug trafficking offense | 3/11/2004 | 3 |
| 18 U.S.C.§§922(g)(1) and 924(a)(2) | Felon in possession of a firearm and/or ammunition | 2/29/2004 | 4 |
| 18 U.S.C.§§922(g)(1) and 924(a)(2) | Felon in possession of a firearm and/or ammunition | 9/6/2003 | 8 |
| 18 U.S.C.§§922(g)(1) and 924(a)(2) | Felon in possession of a firearm and/or ammunition | 7/31/2003 | 9 |
| 21 U.S.C.§§841(a)(1) and 841(b)(1)(B) | Possession with intent to distribute 5 grams or more of methamphetamine | 7/31/2003 | 10 |
| 18 U.S.C.§924(c)(1) | Possession of a firearm during and in relation to a drug trafficking offense | 7/31/2003 | 11 |

AO 245B      (Rev. 6/05) Judgment in a Criminal Case
             Sheet 2 - Imprisonment

CASE NUMBER:      1:04CR00053-001                                              Judgment - Page 3 of 7
DEFENDANT:        SILVER JOSE GALINDO, aka DANIEL S. GALINDO, aka TIMOTHY MAU

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 39 YEARS and 2 MONTHS

This term consists of THIRTY-NINE(39) YEARS and TWO(2) MONTHS, 110 MONTHS, as to Counts 1, 2, 4, and 8-10; 5 YEARS as to Count 3, which shall run consecutively to sentence imposed in Counts 1, 2, 4 and 8-10, 25 YEARS as to Count 11, which shall run consecutively to sentence imposed in Counts 1, 2, 3, 4 and 8-10

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       Lewisburg, PA.  500 drug treatment program.

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                                        _____
                                                        UNITED STATES MARSHAL


                                                By      _____
                                                        Deputy U.S. Marshal

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 3 - Supervised Release

CASE NUMBER:    1:04CR00053-001                                          Judgment - Page 4  of  7
DEFENDANT:      SILVER JOSE GALINDO, aka DANIEL S. GALINDO, aka TIMOTHY MAU

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 5 YEARS

This term consists of FIVE(5) YEARS, as to Counts 1, 2, 3, 4, 8, 9, 10, and 11, with all such terms to run concurrently

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependents and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 6/05) Judgment in a Criminal Case
                Sheet 3 - Supervised Release

CASE NUMBER:      1:04CR00053-001                                      Judgment - Page 5 of 7
DEFENDANT:        SILVER JOSE GALINDO, aka DANIEL S. GALINDO, aka TIMOTHY MAU

## SPECIAL CONDITIONS OF SUPERVISION

1) Defendant shall participate in and comply with substance abuse treatment, which includes drug testing in a program approved by the Probation Office.

2) Defendant shall execute all financial disclosure forms and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3) Defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

AO 245 B     (Rev. 6/05) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: | 1:04CR00053-001 |
| DEFENDANT: | SILVER JOSE GALINDO, aka DANIEL S. GALINDO, aka TIMOTHY MAU |

Judgment - Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 800.00 | $ | $ |

[ ] The determination of restitution is deferred until     . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ _ | $ _ | |

[ ] Restitution amount ordered pursuant to plea agreement  $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [ ]     the interest requirement is waived for the     [ ] fine     [ ] restitution

  [ ]     the interest requirement for the    [ ] fine     [ ] restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 6/05) Judgment in a Criminal Case
            Sheet 6 - Schedule of Payments

CASE NUMBER:        1:04CR00053-001                                          Judgment - Page 7 of 7
DEFENDANT:          SILVER JOSE GALINDO, aka DANIEL S. GALINDO, aka TIMOTHY MAU

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A     [ ]     Lump sum payment of $ _ due immediately, balance due
              [ ]     not later than _ , or
              [ ]     in accordance   [ ] C,   [ ] D,   [ ] E, or [ ] F below, or

B     [✔]     Payment to begin immediately (may be combined with      [ ] C,   [ ] D, or [ ] F below); or

C     [ ]     Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or
              years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D     [ ]     Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or
              years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E     [ ]     Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from
              imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay
              at that time; or

F     [ ]     Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau
of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]     Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several
        Amount, and corresponding pay, if appropriate.

[ ]     The defendant shall pay the cost of prosecution.

[ ]     The defendant shall pay the following court cost(s):

[ ]     The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5)
fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT C

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE FIRST<br>CIRCUIT | JUDGMENT<br>OF CONVICTION AND SENTENCE | CASE NUMBER:<br>Cr. No. 03-1-2097 |
|---|---|---|
| | **NOTICE OF ENTRY** | |

| STATE VS. (DEFENDANT)<br>**SILVER JOSE GALINDO**<br>AKA: Daniel S. Galindo<br>Soc. Sec. No. ~~~~~~~ (per HI arrest report)<br>SID: A-195205  DOB: ~~~~~~~ (per HI arrest report) | DATE OF HEARING:<br>January 12, 2009 | REPORT NUMBER(S):<br>03-357691 |
|---|---|---|

Defense Counsel: William M. Bento

| DEFENDANT'S PLEA:<br>GUILTY | CHANGE OF PLEA |
|---|---|
| ORIGINAL CHARGE(S):<br>UNAUTHORIZED CONTROL OF PROPELLED VEHICLE<br>(§708-836, H.R.S.) | CHARGE(S) TO WHICH DEFENDANT PLED GUILTY OR NO CONTEST:<br>UNAUTHORIZED ENTRY INTO A MOTOR VEHICLE IN THE 2ND DEGREE<br>(§708-836.6, H.R.S.) |
| DEFENDANT IS CONVICTED AND FOUND GUILTY OF:<br>UNAUTHORIZED ENTRY INTO A MOTOR VEHICLE IN THE 2ND DEGREE<br>(§708-836.6, H.R.S.) | |
| | PHOTOGRAPH (If Available)     FINGERPRINT (If Available) |

**FINAL JUDGMENT AND SENTENCE OF THE COURT:**

**INCARCERATION:**
THIRTY (30) DAYS, WITH CREDIT FOR TIME SERVED

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

_____
Clerk, Circuit Court, First Circuit
State of Hawaii

Defendant shall provide specimen samples and print impressions as required by H.R.S. Chap. 844D

| DATE<br>January 12, 2009 | JUDGE<br>RICHARD K. PERKINS<br><br>SIGNATURE<br>*Richard K. Perkins* | FIRST CIRCUIT COURT<br>STATE OF HAWAII<br>FILED<br>January 12, 2009<br>1:56 pm |
|---|---|---|

**NOTICE OF ENTRY**

THIS JUDGMENT HAS BEEN ENTERED AND COPIES MAILED OR DELIVERED TO ALL PARTIES.

| DATE<br>January 12, 2009 | CLERK<br>S. TOYAMA | S. TOYAMA<br>Clerk, 8th Division |
|---|---|---|

[ ] ORIGINAL FILE [ ] DPA [ ] DEFENSE William M. Bento [ ] PROBATION [ ] POLICE [ ] PD-OCC [ ] PUBLIC SAFETY [ ] HPA [ ] CASHIERS



**LIMITED OFFICAL USE**
UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF HAWAII
DISTRICT: 22 OFFICE: HON
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: GALINDO, SILVER JOSE
USMS NUMBER: 95184022

## I. IDENTIFICATION DATA

| USMS NUMBER: 95184022 | NAME: GALINDO, SILVER JOSE |
|---|---|
| ADDRESS: HALAWA HONOLULU, HI | PHONE: |
| DOB: ▓▓▓▓ | AGE: 40 | POB: HONOLULU, HI |

| SEX: M | RACE: A | HAIR: BLK | EYE: BRO | HEIGHT: 510 | WEIGHT: 190 |
|---|---|---|---|---|---|
| SSN: ▓▓▓▓ | | FBI NBR: | | ALIEN NBR: | |

| DETAINER DATE | ACTIVE | AGENCY | REMARK |
|---|---|---|---|
| **/**/**** | N | | |

| PRISONER ALIAS | ALIAS REMARK |
|---|---|
| GALINDO, DANIEL | S. |
| MAU, TIMOTHY | |

| GENERAL REMARKS |
|---|
| |

## II. CASE INFORMATION

| CTR | STATUS | COURT CASE NUMBER | FEDERAL COURT CITY | JUDGE | US ATTORNEY | DEFENSE ATTORNEY |
|---|---|---|---|---|---|---|
| 1 | WT-DESIG | 04-00053-001 | HONOLULU | EZRA, DAVID | CHING, DARREN | SCHWEIGERT, JACK |

| CTR | ARREST DATE | ARRESTING AGENCY | ARREST LOCATION | WARRANT NUMBER |
|---|---|---|---|---|
| 1 | 04/05/2004 | U.S. MARSHALS SERVICE | USMS HONOLULU | |

| CTR | OFFENSE CODE | OFFENSE | REMARK | DISPOSITION |
|---|---|---|---|---|
| 1 | 3572 | AMPHETAMINE-POSSESS | 21 USC 841 POSS/INTENT TO DIS. METH. | GUILTY (PLEA) |
| 1 | 5299 | WEAPON OFFENSE | 21 USC 922 FELON IN POSS. FIREARM | GUILTY (PLEA) |

| CTR | SENTENCE DATE | SENTENCE | APPEAL DATE |
|---|---|---|---|
| 1 | 10/06/2008 | 39 YEARS, 2 MONTHS | **/**/**** |

## III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|---|---|---|---|---|---|
| 1 | WHCAP | 04/05/2004 | 04/05/2004 | **/**/**** | WRIT FROM AUSA |



LIMITED OFFICAL USE
UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
DISTRICT OF HAWAII
DISTRICT: 22 OFFICE: HON
INDIVIDUAL CUSTODY AND DETENTION REPORT USM 129
NAME: GALINDO, SILVER JOSE
USMS NUMBER: 95184022

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|-----|--------|-------------|--------------|--------------|--------|
| 1 | RL-WHCAP | 10/10/2008 | **/**/**** | 10/10/2008 | OCCC |
| 1 | READMIT | 01/14/2009 | 01/14/2009 | **/**/**** | |
| 1 | WT-DESIG | 01/15/2009 | **/**/**** | **/**/**** | |

## IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|-----------|------------------|------------|--------------|--------------|-----------------------|
| HON | FDC HONOLULU | 04/05/2004 | 10/10/2008 | 1649 | WRIT OUT FROM HCF |
| HON | FDC HONOLULU | 01/14/2009 | **/**/**** | 2 | |
| | | | TOTAL DAYS BOARDED | 1651 | |

## V. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|-----------------------|--------|------------------|
| **/**/**** | | |

HID 247 (Rev. 12/14) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)  Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT

for the

District of Hawaii

ANETRA CORDIER
Digitally signed by ANETRA CORDIER
DN: c=US, o=U.S. Government,
ou=Dept of Justice, ou=BOP,
cn=ANETRA CORDIER,
0.9.2342.19200300.100.1.1=150010033
02464
Reason: Received from EDES
Date: 2015.08.06 15:50:33 -05'00'

United States of America
v.
SILVER JOSE GALINDO,
aka Daniel S. Galindo, aka Timothy Mau

Case No: CR 04-00053DAE-01

USM No: 95184-022

Date of Original Judgment: 10/06/2008
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Salina Kanai Althof, Office of the Federal Defender
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED. ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of ___110___ months **is reduced to** ___92 months as to Cts 1, 2, 4, and 8-10, 5 years as to Ct 3,___

which shall run consecutive to sentence imposed in Cts 1, 2, 4 and 8-10, 25 years as to Ct 11, which shall run consecutive to
sentence imposed in Counts 1, 2, 3, *(Complete Parts I and II of Page 2 when motion is granted)*
4, and 8-10, for a total sentence of 37 years and 8 months.
Except as otherwise provided, all provisions of the judgment dated ___10/06/2008___ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: July 30, 2015

_____
Judge's signature

Effective Date: ___11/01/2015___
*(if different from order date)*

David Alan Ezra, Senior United States District Judge
*Printed name and title*

The parties, through counsel, are in agreement with the sentence reduction contained in this Order.

FLORENCE T. NAKAKUNI
Attorney for the United States of America

PETER C. WOLFF
Office of the Federal Public Defender

By: /s/ Elliot Enoki for

DARREN W.K. CHING
Assistant United States Attorney

By: /s/ Salina Kanai Althof

SALINA KANAI ALTHOF
Assistant Public Defender

☑ The U.S Probation Office has reviewed the calculations.

At the conclusion of the amendment 782 proceedings, the Federal Public Defender will be terminated from the

case unless the Federal Public Defender was the original counsel of record.