UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SILVER GALINDO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JOSIAS SALAZAR,<br><br>　　　　　Respondent. | No. 2:17-cv-0302-EFB P<br><br><br>ORDER |

Petitioner is a federal prisoner proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  He argues that the Bureau of Prisons (BOP) failed to credit his federal sentence with time spent in federal custody prior to the imposition of that sentence.  ECF No. 1 at 7-9.  The government has responded (ECF No. 11) and petitioner has not filed a reply within the allotted time.  After review of the record and, for the reasons stated below, the petition is denied.

**I.　Background**

Following his release on parole, Hawaiian authorities arrested petitioner on March 11, 2004 for various felonies related to firearm possession, drug distribution, and unauthorized entry into a motor vehicle in violation of state law.  ECF No. 11-1 at 3, ¶¶ 8-12.  His parole term was

---

[1] The parties in this action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  ECF Nos. 6, 8.

1

extended to January 29, 2006. *Id.* ¶11. To facilitate petitioner's presence for trial and sentencing, the United States District Court for the District of Hawaii issued a writ of habeas corpus ad prosequendum on March 19, 2004. *Id.* at 4, ¶13. On April 5, 2004, the United States Marshals took petitioner into custody and placed him in the Federal Detention Center, Honolulu, HI (FDC Honolulu). *Id.* ¶14. He remained under the primary jurisdiction of the state of Hawaii at this time and continued to earn credit toward his parole date of January 29, 2006. *Id.*

On October 14, 2008, petitioner was sentenced to a federal prison term of 39 years and 2 months. *Id.* ¶15. The total term reflected consecutively imposed sentences of 110 months, 5 years, and 25 years. *Id.* Once petitioner's federal court appearances had ended, he was returned from FDC Honolulu to the Oahu Community Corrections Center. *Id.* ¶16. He remained under Hawaii's primary jurisdiction. *Id.*

On January 12, 2009, petitioner was sentenced to thirty days incarceration with credit for time served in his state case. *Id.* ¶17. Petitioner transferred to the exclusive jurisdiction of the United States on January 13, 2009. *Id.* He was transferred to a federal facility to January 14, 2009 and given a one day credit toward his federal term. *Id.* at 5, ¶18. On November 1, 2015, petitioner's aforementioned 110 month sentence was reduced to 92 months. *Id.* ¶21.

## II. Analysis

Petitioner argues that his time served for the period from April 5, 2004 until January 29, 2006 should be credited to his federal term. ECF No. 1 at 9. A federal sentence begins "on the date the defendant is received into custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. 3585(a). Consequently, a federal sentence cannot begin before a defendant has been sentenced in federal court. *See Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011). Here, petitioner was sentenced in federal court on October 14, 2008 and he was not transferred to begin his federal sentence until January 14, 2009. And although a federal court issued a writ of habeas corpus ad prosequendum to facilitate his trial and sentencing, he remained under the jurisdiction of the state of Hawaii. *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the

2

federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.") (citing *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)). Thus, petitioner is not entitled to credit for time served from April 5, 2004 until January 29, 2006 – a period before he was sentenced in federal court. *Schleining*, 642 F.3d at 1249-1250 ("Because a prisoner can receive GCT credit under 18 U.S.C. § 3624(b) only on time he has served on his federal sentence, and his federal sentence does not begin under 18 U.S.C. § 3585 until he has been sentenced in federal court, [petitioner] is not eligible for GCT credit for the 21 months he spent in state custody — serving a state sentence — before imposition of his federal sentence on July 8, 2005 . . . .").

Additionally, 18 U.S.C. § 3585(b) explicitly states that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

(emphasis added). The government correctly asserts that the period from April 5, 2004 to January 29, 2006 cannot be credited to his federal term because it has already been credited toward his state parole violation term. *See* ECF No. 13 at 10 (noting that, due to the revocation of parole, maximum date of state imprisonment extended to January 29, 2006). The United States Supreme Court has confirmed that § 3585(b) prohibits a defendant from receiving double credit for his detention time. *United States v. Wilson*, 503 U.S. 329, 337 (1992).

### III. Conclusion

Based on the foregoing it is ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 1) is DENIED;
2. The Clerk is directed to close the case; and

/////

/////

3

3. The court declines to issue a certificate of appealability.

DATED: June 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE